# SERGIO SEIJO

*v.*

# D. Y. DONALDSON, FEDERAL PROHIBITION DIRECTOR.

---

San Juan, Equity, No. 1081.

Prohibition—Review.

1. An application to review an act of the prohibition commissioner is in the nature of a bill in equity.

Prohibition—Commissioner.

2. The Prohibition Commissioner or Director is an administrative official and does not exercise a part of the jurisdiction of the district court.

Constitution—18th Amendment.

3. The 18th Amendment does not supersede the other parts of the

---

NOTE.—On Federal constitutional and legislative provisions as to intoxicating liquors as affected by state legislation, see notes in 10 A.L.R. 1587, 11 A.L.R. 1320, 26 A.L.R. 661.

Seijo v. Donaldson.

Constitution, and is to be enforced with regard to the other pro-
visions.  Liquor is property until proved to be held in violation of
law.

Commissioner—Procedure.

4. Quære, whether a proceeding before a commissioner is to be
considered as civil or criminal.

Commissioner—Procedure.

5. While in the condemnation of liquor the commissioner is not
a judge, he is acting in a judicial capacity, which is not reviewable
except so far as provided by law.  The time and place of his hear-
ing may be waived, but not notice of what the hearing is about.  He
should keep a memorandum of the evidence before him.

Review—Reversal.

6. Under the law the court is to affirm, modify, or reverse.  If
the commissioner's jurisdiction has not attached, the court can
neither affirm nor modify; it will have to reverse, but will pre-
serve any restraint existing in the case for a reasonable time to
allow the commissioner to act.

Opinion filed March 3, 1921.

Mr. *Molina* for plaintiff.

*United States Attorney* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case comes up for hearing, not upon the merits but pre-
liminary questions.

1. The petitioner files a petition, in the nature of a bill in
equity, filed on the equity side of the court, asking that the pro-
ceedings by the Prohibition Director be set aside on various
grounds.  The Prohibition Director files an answer setting up
reasons why this should not be done.  Both papers have been

Seijo v. Donaldson.

amended upon the hearing. There is no demurrer or motion to dismiss, but the question comes up as to what is the next step, whether the court shall go into the case upon the merits or whether, upon examining the pleadings, the case shall be reversed or whatever is proper. It seems to me that I can consider this somewhat as when an appeal comes up from the justice of the peace to a court of general jurisdiction. Of course, not in its details, but it is necessary to settle the pleadings, certainly in this particular case, and that does not require any great formality in the way of motions and so on. It is a matter the court should pass upon ex mero motu. I will take that course.

In the first place, as to the nature of the proceeding before me. As to the nature of the proceeding before the Commissioner or Director, that will be considered in a few minutes. Under the law it is required to be in equity, under § 5 of title II. of the Volstead Act. The manufacturer in the same proceeding is afterwards spoken of in § 5 as the seller. The manufacturer may by appropriate proceeding in a court of equity have the action of the commissioner reviewed, and the court may affirm, modify, or reverse the finding of the commissioner as the facts and law of the case may warrant, and during the pendency of such proceedings may restrain the manufacture, sale, or other disposition of such article. So that by the very words of the statute, this is a proceeding in equity. Why it was so expressed is probably not essential. Congress wanted to give some method of review, and it has placed that review, whatever its nature, in a court of equity, that is to say, the district court of the United States sitting in equity. I presume the reason was this, and if I am correct in the reason, it will

Seijo v. Donaldson.

throw some light upon the procedure. You take a court of law. In the first place, there has to be a trial by jury. I presume that is meant to be avoided if practicable. In the second place, a court of law has no ready method of controlling other jurisdictions. It can by mandamus, prohibition, and certain special writs, but at best they are cumbrous and are original proceedings and may involve jury questions also. So that I presume the lawmakers wanted to avoid this, and they put the procedure in a court of equity because the court of equity has masters, and registrars, and referees in bankruptcy even, because that is an equity proceeding, and the control of officials is rather a common proceeding, at least not an unusual proceeding in a court of equity. I presume that was the reason. At the same time the proceeding was anomalous in this. These other controls of officials are in the course of one proceeding, of a fixed case, a settled case, for instance, as an injunction, and amount to appointing any of several officials to aid the court, such as receivers or references to masters. We even have referees for certain purposes. But the review of these proceedings is all incidental to the main case. That is not true here. There is no main case whatever. The design of Congress seems to have been to erect what is an incidental proceeding in equity into a main proceeding for the purposes of prohibition enforcement. That being so, the original paper,—it may be called a petition or anything, —is in the nature of a bill, an original bill or a bill of review, although a bill of review is generally directed to the review of the proceeding of the court itself. A petition is incidental to a suit already commenced, to bring an incidental question before the court. This is not of that nature.

Seijo v. Donaldson.

2. On the other hand, following out that analogy, it seems to me this is not an appeal. It is not an appeal from a lower court in which there has to be a hearing de novo. If there is anything to be considered at all, it must be on the papers that come up. I do not think it can be considered as certiorari as to the facts of the case. I am led to that not only by what I have just said, but by this. The prohibition policy upon which the government has embarked, whether one favors it or not, is law, and further than that it is certainly a very important procedure. It will take up a very large part if not the whole time of whoever is charged with its enforcement. I certainly feel that if in this court I am to try all prohibition cases, I will have very little time to hear anything else, and yet the Prohibition Director is in the court room a very small part of the time. His business is much more extensive than trying cases. That seems to be, perhaps, the duty of the department of justice, and the prohibition agent is rather a director; he has administrative duties which are far more extensive than simply trying cases. It is a system which is certainly not only important but extensive, and it would be impracticable, I think, for the Director to be considered as a judicial officer, as a judge in the strict sense of the word. Now, Congress knew that, it is to be supposed, when it promulgated the law. On the other hand, taking the court itself, as I remarked just now, if this court is to be considered as an adjunct of the prohibition department of the government, why it changes its nature completely. It would be an adjunct if I am to try all prohibition cases, and so far as this particular matter is concerned, it would be an adjunct if I am to review every act of the Prohibition Commissioner in regard to revoking licenses even. Licenses are granted for a

Seijo v. Donaldson.

number of reasons, and permit is given in regard to manufacture, sale, or other disposition perhaps of liquor. So that, looking at the reason of the matter from the point of view of the prohibition system and the point of view of the judicial department, I am unwilling and I do not think I am justified to construe the intent of the law as putting the Prohibition Director under the court as a subordinate judge, or making the court a connection, a part of the prohibition law, the prohibition enforcement, because neither one could successfully act in that way. Administration is a different thing from judiciary. Administration sees that certain things are carried out, the judiciary tries disputed questions. At the same time, under the American system there must be some way for any citizen, I do not care what the law is, to get justice done by an official. One may consider prohibition as the function of government, or rather, as the principal thing towards which government should be directed. It is conceivable that some people think that. If so, there are a great many more things to be done than simply passing upon cases.

3. In the second place, what is this prohibition amendment and this prohibition act, this Volstead Act? The 18th amendment is very general. It controls the manufacture, sale, and transportation of liquor, in order to prohibit the use of intoxicating liquors as a beverage. It has been decided by this court several times that the prohibition amendment does not supersede the Constitution. In other words, the whole Constitution is not concentrated in the prohibition amendment. The prohibition amendment must be construed as a part of the Constitution. That is what it is. It professes to be an amendment, and when it relates to manufacture, transportation, and sale of

Seijo v. Donaldson.

liquor, anything that concerns those three things is to be treated as it would otherwise have been treated under the different articles of the Constitution. The Constitution is to be construed as one whole. I observe that such is the course taken by other courts. It is found here in a very recent criminal work, Zoline's Criminal Law & Procedure, in § 1426. That view is taken of the prohibition amendment, and I think that position is true. That being true, there are a good many results which have to be drawn, the due process clause of the Constitution, for instance, the 14th amendment and other amendments before it are not abolished by the 18th amendment. Liquor may be, and under the view taken by the law and the theory of the law existing at present it is, and socially it ought to be, considered a great evil. The abolition of drinking, the prohibition of drinking, is a great aim. It will do much towards changing and improving the human race. I think it is true that such is the basis of the law. But there are questions incidental to that. Just because a man is accused of manufacturing, transporting, or selling this poison,—if you wish to look at it that way,— that does not prove that he is guilty. He has to be proved guilty of this, just as he would have to be proved guilty of doing any other wrong thing. In the same way as to liquor, after there is proved to be a violation of the law, it ceases to be property, and it behooves the court to get rid of it. That is something like putting a man in jail after he is convicted, and until he is convicted, the owner has a right to his private property just as he has to his liberty. The fact that a man has a bottle of whisky, for instance, does not prove that he is a criminal. It must be shown that he has that liquor for sale or for some other purpose that violates the law, so that even liquor, until some-

thing is proved about it, is property, and is granted the consti-
tutional protection of other private property. In the same way,
taking this particular case, here is a man who had a license to
sell liquor, and that license is a part of his means of livelihood
or his means of gaining money which is a perfectly lawful
thing. He can be deprived of that property only by due process
of law, just as he could be deprived, under our theory, of any
other private property, only by due process of law. What is
due process of law? Due process of law comprises several
things. One is a definite statement of what you are accused
of, either civilly or criminally, then notice to you of time and
place you are to be heard, and third, the hearing of the accusa-
tion, with an opportunity to present witnesses and cross-exam-
ine witnesses. Those three things, I take it, perhaps with more,
make up due process of law; I take it that it makes no differ-
ence whether it is condemnation of land, of liquor, or an in-
dictment for murder; a man has a right to those three things
under the American system. I am to question the Director's
proceedings in view of those principles. I have been speaking
things that are quite self-evident, but they are not self-evident,
perhaps, until you think about them.

4. There is a question that comes up which I will not decide
because it is not in this case, but it will come up some time, and
should be mentioned. What is this proceeding before the
Director? What function therein has the Director? Is the
proceeding criminal or is it civil? He is taking away from a
man, that is, by his action, he is taking away from a man pri-
vate property,—what must first be proved, in other words, to be
not private property. Is that criminal or is that civil, remem-
bering that property must be proved to be illegal before it is il-

Seijo v. Donaldson.

legal? I do not settle that, but there is this to be remembered, that under the Constitution, and far back of that, even the Magna Charta, a man cannot be deprived of three things: Life, liberty, or property,—those three essential things, any one of them,—without due process of law. The 7th Amendment provides that ordinarily a man cannot be deprived of his property except by jury trial. That is not raised in this case and I do not know what would be the proper solution of it if raised, and not being raised I do not pass upon it. The theory Congress goes on is that a jury trial is not required because it puts the control in a court of equity where there is ordinarily no jury. If that question comes up, it will receive very careful consideration, but it is now mentioned to show that it has not been overlooked.

5. The Director himself is proceeding in some capacity. What do the papers in this case show that he did? He is, under the law, to do this. If at any time there shall be filed with the Director in this case a complaint under oath setting forth facts showing, or if the Commissioner or Director has reason to believe, that any person who has a permit is not in good faith conforming to the provisions of this act, or has violated the laws of any state relating to intoxicating liquor, the commissioner or his agent shall immediately issue an order citing such person to appear before him on a day named, not more than thirty and not less than fifteen days from the date of service upon such permittee of a copy of the citation, which citation shall be accompanied by a copy of such complaint, or in the event that the proceedings be initiated by the Commissioner with a statement of the facts constituting the violation charged, at which time a hearing shall be had unless continued for cause. Such hearings

shall be held within the judicial district and within 50 miles of the place where the offense is alleged to have occurred, unless the parties agree on another place. If it be found that such person has been guilty of wilfully violating any such laws, as charged, or has not in good faith conformed to the provisions of this act, such permit shall be revoked, and no permit shall be granted to such person within one year thereafter. Should the permit be revoked by the commissioner, the permittee may have a review of his decision before a court of equity in the manner provided in § 5 hereof. During the pendency of such action such permit shall be temporarily revoked. That is the whole of § 9, and it is under that section the commissioner is proceeding. In what capacity was he proceeding? I have shown above reasons for thinking that he cannot be considered as a judge, for he has so many other duties to perform. What is judicial action? Judicial action is the power or the procedure by which one hears and determines something, hears evidence and makes a final order. That makes up a judge. We can call him a good many other names, but that is a judicial proceeding when these things are done. That seems to be required, in § 9, of the commissioner, so I think he can be considered and must be considered, while not a judge, as acting in a judicial capacity in this proceeding. That carries with it a good many incidents, if that be correct, and I think it is. He is acting with discretion, to be sure. What he does is his act, and, unless the law provides for some appeal, it would probably be final unless there is something in the general principles of law allowing a review of it. The law has provided review, so that particular point does not come up. There are three or four things that must be taken into account by him in this kind of a proceeding.

Seijo v. Donaldson.

I am not speaking of the supposed crime or supposed offense, but he can have this hearing under the section only at a certain time, at a certain place, and a certain fact is to be shown. These are three things, and fourth, there must be notice to the defendant. Those four things are necessary in order to make up his jurisdiction, or any court's jurisdiction, for that matter. The time prescribed is not less than fifteen days and not more than thirty. I take it that the time can be waived. It is not of the essence of a contract or of due process of law. The point is, has he had proper notice? The return shows that he agreed to the notice that he had, so unless there is some agreement upon the return, the answer, that does not come up. The same thing is true as to the place of hearing. The Director must hear it within 50 miles of the place where the offense is alleged to have occurred. That, however, can also be waived, and according to the answer as amended it was waived. The more important point is as to the fact he is to try. The fact under this provision, what gives him jurisdiction is this, a citation plus a statement of acts constituting a violation charged. Just issuing a notice to defendant is not sufficient, it is not material whether it is called a citation, subpœna, or what it may be called. That is not enough. It is something like the ordinary proceeding before a justice of the peace. A summons is necessary, but there is an indorsement on that of what the case is about; and so here the law expressly requires that there must be this citation and it must be accompanied by what we call a complaint in the ordinary proceedings, a statement of the facts constituting the violation charged. I do not find that such statement is set up in the answer, and I believe it is denied in the petition. I can only say that if there was not such statement of fact an-

nexed, it seems to me a part of the jurisdiction did not attach, that there must be not only a notice in order to constitute due process of law, a notice to bring the man in, but the notice must say what it is all about, and if that was not done I doubt if it could be waived. I do not see that the proceeding could be good without this, but at all events this was not waived, and it seems to me that the proceeding is fatally defective in that regard.

Going one step further, perhaps not required, but going one step further, a very interesting point and one that would come up upon this or any other proceeding is, how is the Director to proceed when he gets the man before him? Has he the right or is it his duty to examine witnesses under oath? I take it that there can be no judicial proceeding unless the witnesses are examined under oath. The Revised Statutes speaking of courts, and pro tanto he is proceeding in this proceeding as a court, say that evidence must be given under oath in open court. I take it that this grant of jurisdiction to him to hear and determine, under § 9, carries with it the right to swear witnesses. I do not decide that because it is not before me, but it seems to me that it could be argued that he has that power, and with a great deal of strength, otherwise he will have to carry a notary public around with him, and that looks to me almost like surplusage. Furthermore, what has to be shown by his return in a case like this? He has returned that he had the man before him and told him what it was about and had a hearing. I take it that the Commissioner or the Director is for the purposes of prohibition cases pretty much like a United States commissioner in other cases. Where he tries a case he is to keep a memorandum of what the witnesses testify to. There is no law for it. There is nothing in the law, but I have found it.

Seijo v. Donaldson.

of the greatest assistance and have required it of commissioners. Unless this is done it seems to me we will be getting into difficulties all the time. I shall have to go into the trial of each case that is so brought up and, as I said above, I do not think that is my duty and do not see how it could be carried out. And so I would suggest that he keep a short memorandum of the testimony of the witnesses before him, so that if any case of this sort comes up again there will be some evidence which he can attach to his answer, make a part of his answer.

6. That being done, it seems to me I can do better what is required of me here in § 5 of the Act. The court is to affirm, modify, or reverse. In this particular case, what am I to do? Am I to affirm, modify, or reverse? What ought to be done? I cannot affirm it, because it seems to me the jurisdiction of the Commissioner did not attach when he failed, so far as is shown by the papers, to attach a copy of the facts to his citation as required by § 9. Citation must be accompanied with a statement of the facts constituting the violation charged. I cannot modify it for the same reason. The proceeding was fatally defective. It seems to me that I am compelled to reverse the decision, the finding of the Commissioner back to the citation. He can proceed by sending another citation with the facts attached or perhaps by some reference. There would have to be another citation because otherwise you could not fix the time and place as required by law. So that the result to which I feel constrained is to reverse the finding of the Commissioner in this particular case. This is not saying that the Commissioner has done injustice at all. It simply is a new procedure. Perhaps in his place I might have done the same thing. I do not know. It seems to me that I am compelled to reverse, and he will have to

begin over again, but I will keep whatever restraint there is to manufacture, sell, or otherwise dispose of such article, I will perpetuate it for five days. It may be a question whether the proceeding exists at all under the circumstances from lack of jurisdiction, but I think it would not be right to take the above view of it under the facts of this particular case. The proceeding was bona fide and I keep the status quo, whatever it is, for five days, so that the Commissioner may proceed. I do not think there is any need of going further. The case then is reversed and goes back to the Commissioner.

It is so ordered.